IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH JOHN BURITS, | Civil No. 3:25-cv-1698 |
| Plaintiff | (Judge Mariani) |
| v. | |
| WARDEN AL CROSS, *et al.*, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Joseph Burits ("Burits"), an inmate confined, at all relevant times, at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983, against Warden Al Cross, Facility Grievance Coordinator Tonnia Hiest, and Facility Manager Mike Gourley. (Doc. 1). Along with his complaint, Burits filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

The complaint is presently before the Court for preliminary screening. For the following reasons, the Court will dismiss Burits' complaint pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1), and grant him leave to file an amended complaint.

**I.    Legal Standard**

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195,

197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1), (2). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. See 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 F. App'x 705, 706 (3d Cir. 2012) (*per curiam*); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,…a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but...disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Burits proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.  The Complaint

Burits asserts that the events giving rise to his claims occurred at SCI-Camp Hill on July 26, 2024, July 30, 2024, August 9, 2024, and August 11, 2024. (Doc. 1, at 4). Burits alleges that he was placed in a cell with no running water; he was harassed, verbally abused, and slandered; his chain was confiscated; he was denied food; he was removed from his cell with excessive force; he was sprayed with oleoresin capsicum ("OC") spray; he was poisoned; and he was denied medical attention. (*Id.* at 4).

The complaint does not set forth any factual allegations against the named Defendants and does not allege that the named Defendants were involved in these alleged

4

events. In fact, the complaint does not identify the individual or individuals responsible for the alleged violation of Burits' rights.

Burits seeks monetary relief and a Protection From Abuse Order against unnamed individuals. (*Id.* at 5).

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the

5

named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *Id.* at 1207.

The complaint does not specify what role, if any, Warden Cross, Facility Grievance Coordinator Hiest, and Facility Manager Gourley played in the alleged denial of Burits' rights. Under the most liberal construction, Burits' complaint fails to state a claim for relief against these individuals. The complaint names Warden Cross, Facility Grievance Coordinator Hiest, and Facility Manager Gourley as Defendants in this action but fails to allege any personal involvement and fails to set forth any factual averments that identify how they were involved in the alleged wrongdoing. (*See generally* Doc. 1). Based upon the above legal standards, it is clear that any claims against Warden Cross, Facility Grievance Coordinator Hiest, and Facility Manager Gourley are subject to dismissal based on Burits' failure to set forth any factual allegations against them. Without such factual allegations, it is impossible to conclude that they deprived Burits of his constitutional rights. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

To the extent that Burits seeks to hold Warden Cross, Facility Grievance Coordinator Hiest, and Facility Manager Gourley liable based on their supervisory roles, this claim also fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode*, 845 F.2d at 1207.

Accordingly, insofar as Burits' claims against the named Defendants rely on a *respondeat superior* theory of liability, these claims are also subject to dismissal.

Burits has not stated a claim against Warden Cross, Facility Grievance Coordinator Hiest, and Facility Manager Gourley and the claims against them must be dismissed. However, Burits will be granted leave to file an amended complaint to attempt to cure the defects discussed above.

## IV.  Conclusion

Consistent with the foregoing, the Court will grant Burits leave to proceed *in forma pauperis* and will dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). The Court will allow Burits to file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: September 12, 2025